[Crim. No. 41932. Second Dist., Div. Five. May 26, 1982.]

In re JAMES TAYLOR on Habeas Corpus.

**COUNSEL**

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Steven H. Allan and Chloris deBrauwere, Deputy Public Defenders, for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Donald F. Roeschke and Gelacio L. Bayani, Deputy Attorneys General, for Respondent.

**OPINION**

ASHBY, J.—Petitioner, via a petition for writ of habeas corpus, seeks credit against his prison sentence for time spent as a California Rehabilitation Center (CRC) outpatient. Although the issue is cognizable on an appeal from the judgment which sentenced him to state prison, we issued an order to show cause because if petitioner's contentions were

correct, he would be eligible for immediate release from custody. Our review of the law leads us to conclude, however, that petitioner is not eligible for the additional credits he seeks.

Petitioner was ordered committed to CRC, pursuant to Welfare and Institutions Code section 3051, on September 21, 1978.[1] Petitioner was released on outpatient status on March 5, 1979. He spent additional time in CRC custody from March 10, 1980, to May 6, 1980,[2] before again being released on outpatient status. Petitioner absconded from CRC supervision in November 1980. In June 1981 the Department of Corrections formally found him unsuitable for further participation in the CRC program, and recommended that the section 3051 commitment be vacated. A bench warrant for petitioner's arrest issued on July 30, 1981. On November 25, 1981, petitioner was sentenced to state prison. He was given credit on his sentence for 210 days spent in custody at CRC. On December 10, 1981, the judgment was ordered corrected to award petitioner an additional 105 days of behavior credits for his inpatient CRC time. Petitioner argues that pursuant to Welfare and Institutions Code section 3201, subdivision (c), he is entitled to have the behavior credits disregarded and his outpatient time credited instead.

Welfare and Institutions Code section 3201 sets limits on the maximum duration of CRC commitments. Paragraph 1 of subdivision (c) of section 3201 provides that following a commitment under Welfare and Institutions Code section 3051, a person must be released on parole to the narcotic addict evaluation authority if he has spent time in CRC custody equal to the maximum time he could have spent in prison on the underlying criminal offense, including applicable good behavior and participation credits. Computation of the maximum allowable commitment under paragraph 1 of section 3201, subdivision (c), expressly excludes time spent on outpatient status.

Paragraph 2 of section 3201, subdivision (c), requires that, except as provided in paragraph 1, a person committed pursuant to Welfare and Institutions Code section 3051 must be paroled to the narcotic addict evaluation authority when his total period of commitment, including time on outpatient status, but excluding good behavior and participa-

---

[1] The commitment order followed revocation of previously imposed probation on a 1974 criminal conviction.

[2] Following a new criminal conviction.

tion credits, totals the maximum prison sentence on the underlying offense.

Petitioner's CRC commitment period had not reached the maximum period allowable under either paragraph of Welfare and Institutions Code section 3201, subdivision (c), at the time he was returned to court for sentencing. However, in *In re Martin* (1981) 125 Cal.App.3d 896 [178 Cal.Rptr. 445], it was held that equal protection considerations required that inmates who were returned to court for sentencing on a criminal charge, after spending less than the maximum time allowable in CRC custody, were entitled to behavior and participation credits against their prison sentence for the time spent in CRC custody.

■ Petitioner now argues that the same principles which governed the ruling in *In re Martin, supra*, 125 Cal.App.3d 896, require that a defendant's sentence be computed under paragraph 2 of Welfare and Institutions Code section 3201, subdivision (c), rather than under paragraph 1, if such computation would result in a more favorable sentence. The argument which petitioner makes arises because the Legislature, in enacting section 3201, subdivision (c), did not expect it to be applied to inmates who were excluded as unsuitable by CRC and it therefore did not provide a formula for choosing between application of paragraph 1 and paragraph 2 in such a situation. This court must now consider whether the Legislature has elsewhere expressed its intention to give or withhold credits for time spent in CRC outpatient status to inmates later sent to state prison, and whether any such expression of legislative intent comports with equal protection requirements.

In fact the legislative intent in this regard has been negatively, but very clearly, expressed. In 1975 the Legislature amended section 1203.03 of the Penal Code to provide that time spent as an outpatient or inpatient of CRC was to be credited against a later prison sentence. In 1977 the Legislature again amended section 1203.03, this time to delete credit for time spent as a CRC outpatient. Thus, we are not confronting a case where the Legislature has not considered the question. The Legislature has considered it and has decided that no such credit should be given.

Further indication of legislative intent, if any be needed, can be gleaned from Welfare and Institutions Code section 3200 which provides for early discharge of CRC committees who remain drug free for varying periods of time. Section 3200, subdivision (b), provides that

when an inmate, who is discharged from the program pursuant to the section, is returned to the criminal court and is thereafter sentenced to state prison, he is to receive credit against his sentence for time spent in custody at CRC. Clearly, the Legislature could not have intended to accord less favorable treatment to inmates who are discharged from the CRC program because they have remained drug free than to those who abscond from supervision or who are excluded from participation because they are unamenable to treatment.

The legislative intent not to allow credit for CRC outpatient status on a subsequent prison sentence being clear, it remains to consider whether denial of such credits offends constitutional guarantees of equal protection. Unlike our colleagues in the first appellate district (*In re Martin, supra*, 125 Cal.App.3d 896, 902) we can conceive of a sound justification for treating those who successfully complete the CRC program differently than those who abscond from it. The availability of credit for time in outpatient status for the former is a powerful incentive for continued participation in the program and abidance by the rules of CRC. Alternatively, the potential loss of such credits is a strong disincentive to an addict's abandoning the program. Thus, the distinction which the Legislature has made strongly reinforces the public policy of treating and rehabilitating narcotic addicts. Time spent on outpatient status is not the equivalent of time spent in custody and we see no constitutional impediment to withholding credit for outpatient status from addicts sentenced to state prison.

The order to show cause is hereby discharged. The petition for writ of habeas corpus is denied.

Stephens, Acting P. J., and Hastings, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied July 22, 1982.